## Emma Kime, Appellee, v. Samuel Kime, Appellant.

### Gen. No. 6,104. (Not to be reported in full.)

Appeal from the Circuit Court of Grundy county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Bill for separate maintenance by Emma Kime, complainant, against Samuel Kime, defendant, in the Cir-

cuit Court of Grundy county, on the ground of cruel and abusive treatment and other misconduct. From a decree in favor of complainant, defendant appeals.

The answer denied and explained the charges, and accused complainant of much wrongdoing. There was a jury trial and a verdict for the complainant and finding that at the time of filing her bill of complaint she was, and that she now is, living separate and apart from her husband without her fault.

CORNELIUS REARDON and FRANK L. FLOOD, for appellant.

CLYDE H. THOMPSON and FRANK H. HAYES, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 264*—*when evidence sufficient to sustain verdict on bill for separate maintenance.* In a bill for separate maintenance on the ground of cruel and abusive treatment, a verdict and finding for complainant *held* sustained by the evidence.

2. APPEAL AND ERROR, § 1401*—*when verdict will not be disturbed on appeal.* In an action where the finding made depended largely on the opportunity which the court and jury had of judging of the credibility of the witness, such finding will not be disturbed on review in the absence of substantial error of law found in the record.

3. APPEAL AND ERROR, § 1491*—*when failure to exclude question not prejudicial error.* Although a question is leading and suggestive, the failure of the court to exclude the question will not be deemed to be substantial error, where an examination of the testimony shows that defendant was not prejudiced by the ruling of the trial court in permitting the question to be answered.

4. INSTRUCTIONS, § 109*—*when instruction not improperly refused because not applying the pleadings.* In a bill for separate maintenance, where defendant's pleadings did not charge complainant with adultery, and where defendant as a witness expressly disclaimed such charge, an instruction informing the jury of the evi-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

dence necessary to establish such charge and the effect of a condonation of the offense, *held* proper where the attention of the jury was directed to the question whether complainant had been guilty of adultery by defendant's introduction of evidence tending to show that he had grounds for being jealous of complainant.

5. HUSBAND AND WIFE, § 267*—*what is effect of errors on trial by jury in suit for separate maintenance.* Since in a separate maintenance proceeding the verdict of a jury is merely advisory, which the court may disregard and enter such decree as in his judgment equity demands, questions of errors of law, in rulings on evidence, and in instructions are of less importance than in a common law or divorce proceeding, where a jury trial is a matter of right.